**FILED**
**CLERK, U.S. DISTRICT COURT**

7/29/2025

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____MMC_____ **DEPUTY**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>ARTURO URBINA,<br>  aka "Flea,"<br>  aka "Pulga,"<br><br>            Defendant. | CR No.  2:25-CR-00625-JFW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1201(a)(1):<br>Kidnapping; 18 U.S.C. § 922(g)(1):<br>Felon in Possession of Firearms<br>and Ammunition; 18 U.S.C.<br>§§ 981(a)(1)(C), 924(d) and 28<br>U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1201(a)(1)]

Beginning no later than October 4, 2024, and continuing to October 13, 2024, in Los Angeles County, within the Central District of California, defendant ARTURO URBINA, also known as "Flea" and "Pulga," knowingly, willfully, and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away Victim K.S., and held Victim K.S. for any reason, and used a means, facility, and instrumentality of interstate and foreign commerce,

namely, telephones, motor vehicles, and an interstate highway, in committing and in furtherance of the offense.

COUNT TWO

[18 U.S.C. § 1201(a)(1)]

Beginning on a date unknown but no later than December 8, 2024 and continuing to December 11, 2024, in Los Angeles County and Orange County, within the Central District of California, defendant ARTURO URBINA, also known as "Flea" and "Pulga," knowingly, willfully, and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away Victim E.G., and held Victim E.G. for any reason, and used a means, facility, and instrumentality of interstate and foreign commerce, namely, telephones, motor vehicles, and an interstate highway, in committing and in furtherance of the offense.

3

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about December 16, 2024, in Los Angeles County, within the Central District of California, defendant ARTURO URBINA, also known as "Flea" and "Pulga," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1.    A Ruger, Model Security 9, 9mm Luger pistol, with an obliterated serial number;

2.    A Benelli, Model Super Nova, 12 gauge pump-action Shotgun, bearing serial number V915437U18;

3.    Approximately six rounds of Federal Cartridge 9mm caliber ammunition;

4.    Approximately three rounds of Blazer 9mm caliber ammunition;

5.    Approximately one round of Remington-Peters 9mm caliber ammunition;

6.    Approximately fourteen rounds of M90 9mm caliber ammunition;

7.    Approximately one round of Winchester 9mm caliber ammunition;

8.    Approximately four Fiocchi 12 gauge shotshells;

9.    Approximately three Federal 12 gauge shotshells;

10.    Approximately three Hevi-Shot 12 gauge shotshells; and

11.    Approximately one Fiocchi 12 gauge shotshell.

Defendant URBINA possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

4

1.    Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Los Angeles, Case No. BA411429, on or about June 21, 2013;

2.    Possession of a Firearm by a Felon – Prior(s), in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case No. BA445138, on or about October 5, 2016; and

3.    Fleeing a Pursuing Peace Officer's Motor Vehicle While Driving Recklessly, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California, County of Los Angeles, Case No. BA476500, or about April 11, 2019.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses;

(b)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//
//
//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

SURIA M. BAHADUE
Assistant United States Attorney
Deputy Chief, General Crimes
Section

KELLYE NG
Assistant United States Attorney
Violent and Organized Crime
Section

DIANE ROLDÁN
Assistant United States Attorney
Violent and Organized Crime
Section

9